IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-321-D

| | |
|---|---|
| THE NORTH CAROLINA STATE BAR, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| TIGRESS SYDNEY ACUTE MCDANIEL, | ) |
| Defendant. | ) |

On May 22, 2024, the North Carolina State Bar ("State Bar" or "plaintiff") filed a complaint in Wake County Superior Court against Tigress Sydney Acute McDaniel ("McDaniel" or "defendant") seeking to enjoin McDaniel from engaging in unauthorized practice of law [D.E. 1-4] 7. On June 6, 2024, McDaniel removed the action to this court [D.E. 1]. On June 17, 2024, McDaniel moved to recuse the undersigned from this action [D.E. 3]. On June 21, 2024, McDaniel answered the complaint and filed counterclaims against the State Bar [D.E. 5].

On July 2, 2024, the State Bar moved to remand [D.E. 10] and filed a memorandum in support [D.E. 11]. On July 12, 2024, the State Bar moved to dismiss McDaniel's counterclaims for lack of subject-matter jurisdiction and for failure to state a claim for which relief may be granted [D.E. 17] and filed a memorandum in support [D.E. 18]. See Fed. R. Civ. P. 12(b)(1), (6). On July 29, 2024, McDaniel moved to join Probetur Association, LLC [D.E. 21]. On August 1, 2024, McDaniel responded in opposition to the State Bar's motion to remand [D.E. 23]. On August 16, 2024, the State Bar responded in opposition to McDaniel's motion to join Probetur Association, LLC [D.E. 25]. On August 29, 2024, McDaniel responded in opposition to the State Bar's memorandum in opposition to join Probetur Association, LLC. [D.E. 26]. As explained below,

the court denies McDaniel's motion to recuse, grants the State Bar's motion to remand, dismisses without prejudice as moot the State Bar's motion to dismiss and McDaniel's motion to join Probetur Association, LLC, and remands the action to Wake County Superior Court.

I.

The State Bar alleges that McDaniel engaged in the unauthorized practice of the law in violation of N.C. Gen. Stat. §§ 84-2.1, 84-4, 84-5. See [D.E. 1-4] 7–13. The State Bar seeks to enjoin McDaniel from engaging in such unauthorized practice of the law under N.C. Gen. Stat. § 84-37 and Rule 65 of the North Carolina Rules of Civil Procedure. See id.

"Judicial recusals are governed by a framework of interlocking statutes." Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In turn, 28 U.S.C. § 455(b) lists other situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

In Liteky v. United States, 510 U.S. 540 (1994), "the Court confronted a situation where defendants moved to disqualify the district judge in their criminal trial based on his comments and actions as the judge in a prior trial involving one of the same defendants." Belue, 640 F.3d at 572. In holding that the judge did not have to recuse, the Court concluded that sections 455(a) and 455(b)(1) carry an "extrajudicial source" limitation, under which bias or prejudice must, as a general matter, stem from "a source outside the judicial proceeding at hand" in order to disqualify a judge. Liteky, 510 U.S. at 545. Put differently, the bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in

2

the case." Id. at 545 n.1 (quotation omitted); see Belue, 640 F.3d at 572–73; Bartko v. Wheeler, No. 5:14-CT-3043, 2014 WL 3563359, at *6 (E.D.N.C. July 18, 2014) (unpublished), aff'd, 589 F. App'x 181 (4th Cir. 2015) (per curiam) (unpublished). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574. "[O]pinions held by judges as a result of what they learned in earlier proceedings" are not ordinarily a basis for recusal. Liteky, 510 U.S. at 551; see United States v. Morris, 988 F.2d 1335, 1337 (4th Cir.1993); United States v. Parker, 742 F.2d 127, 128–29 (4th Cir. 1984).

McDaniel's motion to recuse arises from this court's orders in other cases that McDaniel lost. This court's knowledge of McDaniel's litigation history stems from judicial proceedings that McDaniel initiated. Accordingly, the court denies as meritless McDaniel's motion to recuse. See Liteky, 510 U.S. at 545; Belue, 640 F.3d at 572–73.

As for the State Bar's motion to remand, "federal courts, unlike most state courts, are courts of limited jurisdiction," that Congress created "with specified jurisdictional requirements and limitations." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Removal from state court requires the federal district court to have original jurisdiction over the removed action. See 28 U.S.C. § 1441(a); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). A defendant generally may remove an action to federal court only if the face of the complaint demonstrates diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. § 1441(b); Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003).

In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §

3

1447(c). The party seeking removal has the "burden of establishing federal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "If diversity jurisdiction is challenged, the burden of proof remains on the party invoking federal court jurisdiction, and the citizenship of each real party in interest must be established by a preponderance of the evidence." Roche v. Lincoln Prop. Co., 373 F.3d 610, 616 (4th Cir. 2004), rev'd on other grounds, 546 U.S. 81 (2005). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Mulcahey, 29 F.3d at 151; see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151; see Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008). In a case removed based on diversity jurisdiction, the civil action must be between "citizens of different States" and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Furthermore, a counterclaim cannot serve as the basis for removal jurisdiction on federal question grounds. See Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 441–42 (2019); Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830–31 (2002).

To determine whether a claim arises under the Constitution or laws of the United States, the court "examines the well pleaded allegations of the complaint and ignores potential defenses. A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based on those laws or that Constitution." Beneficial Nat. Bank, 539 U.S. at 6 (cleaned up).

The State Bar's complaint presents no federal question. See [D.E. 1-4] 7–13. The court rejects McDaniel's arguments that federal doctrines concerning "organization and associational

4

standing" create subject-matter jurisdiction for this court. Cf. [D.E. 23-1] 3–5. Even if the court construes these arguments to mean that McDaniel intends to present a federal defense to the State Bar's claims, a federal defense provides no basis for removal. See Vaden, 556 U.S. at 60; Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987); Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 14 (1983); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); Matter of Crump, 631 F. Supp. 3d 345, 348 (M.D.N.C. 2022); Grievance Adm'r v. Fieger, 409 F. Supp. 2d 858, 866 (E.D. Mich. 2005). Furthermore, "the vindication of [a] defendant's federal rights is left to the state courts except in rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966); Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 435–36 (1982). Assuming without deciding that McDaniel has a federal defense to the underlying State Bar action, she fails "to demonstrate that [her] federal civil rights cannot be protected in State Court." N.C. State Bar v. Crump, No. 5:22-CV-371, 2022 WL 17176839, at *2 (E.D.N.C. Nov. 23, 2022) (unpublished) (quotation omitted). Moreover, McDaniel's counterclaims cannot create federal question subject-matter jurisdiction for this court. See Home Depot U.S.A., Inc., 587 U.S. at 441–42; Vaden, 556 U.S. at 60; Holmes Grp., 535 U.S. at 830–31. Thus, McDaniel fails to demonstrate federal question jurisdiction.

McDaniel concedes that diversity jurisdiction does not exist because both parties are domiciled in North Carolina. See [D.E. 23-1] 9. Thus, McDaniel fails to demonstrate subject-matter jurisdiction for removal. Accordingly, the court grants the State Bar's motion to remand the action to Wake County Superior Court. See, e.g., Crump, 2022 WL 17176839, at *1–2. The

5

court dismisses without prejudice as moot the State Bar's motion to dismiss and McDaniel's motion to join Probetur Association, LLC.

II.

In sum, the court DENIES defendant's motion to recuse [D.E. 3], GRANTS plaintiff's motion to remand [D.E. 10], DISMISSES WITHOUT PREJUDICE as moot plaintiff's motion to dismiss [D.E. 17] and defendant's motion to join [D.E. 21], and REMANDS the action to Wake County Superior Court. The clerk shall close the case.

SO ORDERED. This 29 day of August, 2024.

JAMES C. DEVER III
United States District Judge